**Julius GOLDFARB and Israel Menchaca et al.**

v.

**UNITED STATES.**

A.R.D. 220;  Reappraisement R59/3152 and one other.

United States Customs Court, Third Division, Appellate Term.

March 7, 1967.

Lawrence & Tuttle, San Francisco, (Edward N. Glad and Robert Glenn White, San Francisco, of counsel), for appellants.

Barefoot Sanders, Asst. Atty. Gen., (Sheila N. Ziff, New York City, trial atty.), for appellee.

Before RICHARDSON and LANDIS, Judges.

LANDIS, Judge:

We have before us an application for review of a decision and judgment (Reap. Dec. 10939, 54 Cust.Ct. 593) rendered by the single judge sitting in consolidated appeals for reappraisement covering shipments of strawberry preserves or jams from Mexico for the period February 1957 through August 1957.

The merchandise was packed in three different ways, i. e., 24 jars of 20 ounces each to a case, 12 jars of 20 ounces each to a case, and 6 number 10 cans to a case.

The following on the basis of foreign value, are the appraised values and the values contended for by appellants (plaintiffs below):

| Item | Appraised value per case, net packed | Contended for values per case, net packed |
|---|---|---|
| 1. 12 jars of 20 ounces each per case | 50 Mexican pesos, less 5%, less 1% | 35.15 Mexican pesos |
| 2. 24 jars of 20 ounces each per case | 100 Mexican pesos, less 5%, less 1% | 72 Mexican pesos |
| 3. 6 number 10 cans per case | 100 Mexican pesos, less 5%, less 1% | 90 Mexican pesos |

It was stipulated by counsel for the parties that the proper basis of appraisement is foreign value for such merchandise as defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U.S.C. § 1402(c)), and that no export value for such or similar merchandise existed during this period.

In order to correct an error in appraisement with respect to entry 5284 covered by R58/13535, it was further stipulated that in the event there was a failure of proof on the part of appellants (plaintiffs below), the appraisement of the cases of 12 jars of 20 ounces each should not read $100 Mexican currency, less 5 percent, less 1 percent, net packed, but should read 50 Mexican pesos, less 5 percent, less 1 percent, net packed.

The sole witness in the case was one of the appellants, Mr. Julius Goldfarb of Los Angeles, Calif., who testified he was associated in a partnership with Mr. Roberto Morales, in Silao, the State of Guanajuato, Mexico.

Mr. Goldfarb stated he was engaged in the business of processing foods, such as jams and jellies, in Los Angeles for approximately 26 years and in Mexico for the past 8 years. He stated he was familiar with the merchandise here involved and that, in connection with the sale of such items, he helped Mr. Morales "figure out on costs." The witness stated this merchandise was sold to wholesalers and some retailers, that the terms of sales for consumption in Mexico were for cash, and that he did not, to his knowledge have any exclusive arrangement with any particular retailer or distributor up to the end of the growing season for 1957. He further stated he freely offered the cases of 24 jars containing 20 ounces each, at

72 pesos a case, that no discounts were made from this price, and the minimum quantity sold at wholesale was 10 cases or more; that he offered the cases of 12 jars of 20 ounces each at 35.15 pesos per case, and the cases of 6 number 10 cans at 90 pesos a case, that the wholesale quantity required was 10 cases or more. The witness further stated he also sold to some retail stores around the town of Silao, that it was customary for his wholesalers to give credit, but that appellants offered the merchandise for consumption in Mexico on a cash basis.

On cross-examination, witness Goldfarb testified his firm did not issue a pricelist during this period and that he had no invoices, letters, or other documents, reflecting the sales or offering of such merchandise for sale during that period. He stated he was always in Mexico during the strawberry season which lasts about 4 months, starting around January 15 through the first part of June.

The only evidence offered by the Government was defendant's collective exhibit A, a report signed by Treasury Representative Joe M. Uberuaga, received in evidence without objection, containing an account of an interview with Mr. Roberto Morales, partner of appellants' witness, Mr. Goldfarb, wherein it was stated Mr. Morales told said Treasury representative that merchandise identical to that exported to the United States was offered for sale for home consumption in Mexico, but it was not freely offered; that Mr. Morales stated he had a verbal agreement granting exclusivity to two wholesalers, Vigil Hermanos of Mexico, D. F., and Guillermo Ituarte of Monterrey, N. L., Mexico; that the merchandise was freely offered for sale at the retail level.

Further, it appears from the report (exhibit A) that the agent interviewed Mr. Vigil, the manager of Vigil Hermanos, the reported exclusive purchaser in Mexico, D. F., referred to by Mr. Morales. Mr. Vigil corroborated Mr. Morales' statements and advised the Treasury agent that, through an oral agreement with Mr. Morales, he was designated as the manufacturer's exclusive distributor in Mexico, D. F.

Appellants contend the trial judge erred in finding there was no substantial evidence within the statutory requirements to prove any other values than those returned by the appraiser.

In support of this contention, appellants argue that the lower court should have given consideration to the Treasury agent's report introduced into evidence at the trial by the Government-appellee (defendant's collective exhibit A), citing Luria Steel & Trading Corp., etc. v. United States, 42 Cust.Ct. 480, Reap.Dec. 9311, modified 42 Cust.Ct. 558, Reap.Dec. 9345, for the reason that a litigant may utilize all properly admitted evidence in establishing his claim. However, we are unable to see how this report can have the probative effect appellants attempt to ascribe to it in support of their case.

Appellants urge this exhibit establishes that the usual wholesale minimum quantities were 10 or more cases and that there were no refusals to sell to anyone in Mexico during the period in question. Appellants concede the exhibit contains the statement of Mr. Morales to the Treasury agent that the merchandise was not freely offered and that he had a verbal agreement granting exclusivity to two wholesale buyers, Vigil Hermanos, Mexico, D. F., and Guillermo Ituarte, Monterrey, N. L. Furthermore, Mr. Morales' statement in the exhibit was confirmed by that of Mr. Vigil to the effect that the latter was designated as the manufacturer's exclusive distributor in Mexico, D. F.

We are unable to accept appellants' argument that the court should accept only those portions of the exhibit which favor them and reject other portions contrary to their case. The statements attributed to Mr. Morales and Mr. Vigil were of course hearsay, and appellants have not demonstrated in any event a valid basis upon which they may properly ask the court to pick and choose from this exhibit only such segments as will corroborate their case. The exhibit is in the record *in toto* for whatever probative effect it may have.

Moreover, the statements in the report regarding exclusivity are supported by the fact that all other sales during the period in question were made only to retailers in the local regions of Leon and Silao. Beyond Mr. Goldfarb's uncorroborated statements, there is not a semblance of evidence that sales, or offers of sales, were made elsewhere in the principal markets of Mexico at the primary level except to the two purported exclusive purchasers.

The weakness of Mr. Goldfarb's testimony itself is evident from the fact that, when he was asked if he had anything to do with sales in Mexico during 1957, his response was merely "Some, yes," and that he admitted he visited Mexico only during the strawberry growing season, which is from 4 to 5 months, whereas Mr. Morales, the managing partner, was a permanent resident of Mexico; also the probative effect of Mr. Goldfarb's testimony was further weakened by the fact that he could only state that *to his knowledge* he had no exclusive arrangement with any particular retailer or distributor.

In determining foreign value, such statutory value may be found to exist only where merchandise like or similar to that imported is freely offered for sale to *all purchasers* (not to the greater number, or to those of a particular class) in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade. United States v. Mexican Products Co., 28 CCPA 80, C.A.D. 129. Thus, this court may consider only the market value at which merchandise like or similar to that imported may be purchased in *all* the principal markets of Mexico by *all* classes or groups of purchasers regardless of status.

Where sales are freely offered to one group of purchasers by the manufacturer but are restricted with respect to another group, the court will not consider the sales which were unrestricted as above described, as such sales were not freely offered to *all purchasers*. Bill & Caldwell, Inc. v. United States, 12 Cust. Ct. 437, Reap.Dec. 5996, citing United States v. American Glanzstoff Corp., 24 CCPA 35, T.D. 48308, and United States v. Mexican Products Co., 28 CCPA 80, C.A.D. 129.

We must conclude, as did the trial judge, that statements of Mr. Goldfarb are conclusions and unsubstantiated and unsupported by evidence of sales and that, therefore, there was no substantial evidence within the statutory requirements as to other values than those found by the appraiser.

On the basis of the record before us, and for all of the reasons hereinbefore set forth, we find as matter of fact:

1. That the merchandise involved herein consists of strawberry preserves or jams packed in cases of 24 jars of 20 ounces each, 12 jars of 20 ounces each, and 6 number 10 cans exported from Mexico from February through August 1957.

2. That at or about the time of exportation such or similar merchandise was not freely offered for sale to all purchasers for exportation to the United States during the period in question.

3. That, during the period covered by the appeals herein, the manufacturer offered and sold its merchandise for home consumption to two wholesalers, and some retailers.

4. That, during the period covered by the appeals herein, the manufacturer offered and sold its merchandise in Monterrey and Mexico City exclusively to two selected wholesalers.

5. That, during the period covered by the appeals herein, the merchandise at bar was not freely offered for sale by the manufacturer to all purchasers in all markets of Mexico for home consumption in the ordinary course of trade or in the usual wholesale quantities.

6. That, during the period covered by the appeals herein, the wholesalers freely offered said merchandise for sale

for home consumption to all purchasers in the principal markets of Mexico in the usual wholesale quantities and in the ordinary course of trade, as follows:

| Item | Price per case, net packed |
|---|---|
| 24 jars of 20 ounces each per case | 100 Mexican pesos, less 5%, less 1% |
| 12 jars of 20 ounces each per case | 50 Mexican pesos, less 5%, less 1% |
| 6 number 10 cans per case | 100 Mexican pesos, less 5%, less 1% |

---

7. That pursuant to the stipulation of the parties, with respect to entry 5284 covered by R58/13535, the appraisements of the cases of 12 jars of 20 ounces each should not read $100 Mexican currency, less 5 percent, less 1 percent, net packed, but should read 50 Mexican pesos, less 5 percent, less 1 percent, net packed.

We conclude as matters of law:

1. That the presumption of correctness attaching to the appraiser's finding of value herein has not been overcome.

2. That the merchandise involved herein is properly dutiable on the basis of foreign value, as that value is defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

3. That such statutory values are those set forth in finding of fact No. 6, supra, which are the appraised values herein except as to the merchandise on entry 5284 in R58/13535.

4. That the merchandise in entry 5284 in R58/13535 is properly subject to appraisement at 50 Mexican pesos per case, less 5 percent, less 1 percent, net packed.

5. That the decision and judgment of the trial court affirming the appraised values is correct except with respect to entry 5284 in R58/13535, and the decision and judgment, except as so modified with respect to entry 5284, is affirmed.

RICHARDSON, J., concurs.

## APPENDIX

### SCHEDULE OF REAPPRAISEMENTS

| Reap. No. | Coll. No. | Plaintiff | Entry | Encl. |
|---|---|---|---|---|
| R59/3152 | 782 | Julius Goldfarb | 6127 | 1 |
| | | Israel Menchaca | 151 | 1 |
| | | | 549 | 1 |
| | | | 381 | 1 |
| R58/13535 | 682 | Julius Goldfarb | 3674 | 1 |
| | | c/o Menchaca | 4428 | 1 |
| | | | 4582 | 1 |
| | | | 4612 | 1 |
| | | | 4871 | 1 |
| | | | 5115 | 1 |
| | | | 5284 | 1 |
| | | | 5345 | 1 |
| | | | 5567 | 1 |
| | | | 5629 | 1 |